Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001353
23-JAN-2019
08:26 AM

NO. CAAP-14-0001353

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TAEKYU U, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee,

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(S.P.P. NO. 13-1-0004; CR. NO. 09-1-0003)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

This matter arises out of an incident that occurred on June 27, 2008, in which Petitioner-Appellant Taekyu U (U) fired shots from the passenger seat of a car while driving past a McDonald's restaurant in Waipouli, Kaua'i. U was charged by indictment with, *inter alia*: Count 1, Attempted Murder in the First Degree (Attempted Murder), in violation of Hawaii Revised Statutes (HRS) §§ 705-500, 707-701(1)(a), and 706-656; and Count 2, Carrying or Use of Firearm in the Commission of a Separate Felony (Use of Firearm in Commission of Felony), in violation of HRS § 134-21. Pursuant to a plea agreement entered into with the State of Hawai'i (State), the Attempted Murder charge was reduced to Reckless Endangering in the First Degree (Reckless Endangering) under HRS § 707-713. U pleaded guilty to the reduced charge in Count 1, and guilty as charged to Count 2, *inter alia*. On December 31, 2009, the Circuit Court of the Fifth

Circuit (Circuit Court)[1] entered judgment, convicting U according to his guilty plea and sentencing him to, *inter alia*, a five year term of imprisonment for Count 1 and a twenty year term of imprisonment for Count 2, to be served concurrently.

A few years later, U retained new counsel[2] and on October 17, 2013, filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (Petition), pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP). On November 10, 2014, the Circuit Court issued its Findings of Fact; Conclusions of Law; Order Denying Petitioner's Rule 40, HRPP, Petition (FOF/COL/Order Denying Petition). U now appeals from the FOF/COL/Order Denying Petition.

On appeal, U asserts that the Circuit Court erred in denying U's Petition because it was statutorily illegal to be convicted of and sentenced for both Reckless Endangering (Count 1) and Use of Firearm in Commission of Felony (Count 2). U further asserts that U's defense counsel provided ineffective assistance of counsel by failing to move to dismiss Count 2. In conjunction with these arguments, U contends that the Circuit Court's conclusions of law (COLs) 1, 3, 4, 5, 6, 9, 10, 11 and 12 were wrong.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate and remand to the Circuit Court for further proceedings consistent with this order.

In arguing that the conviction and sentence under Count 2 was illegal, U relies on the express statutory language of HRS § 134-21(a)(2), which provides that "a person shall not be

---

[1]     The Honorable Randal G. B. Valenciano presided.

[2]     U retained Keith S. Shigetomi (Shigetomi) as counsel. U was previously represented by Michael J. Green (Green) at his arraignment and plea, change of plea, and sentencing.

prosecuted under this subsection when the separate felony is . . . [t]he felony offense of reckless endangering in the first degree under section 707-713[.]" Essentially, U contends that as a matter of law, once he pleaded guilty to the reduced charge of Reckless Endangering in Count 1, he could not be prosecuted for Use of Firearm in Commission of Felony in Count 2, and thus, his conviction and sentence under Count 2 was illegal and the Circuit Court erred when it denied his Petition.

"A trial court's conclusions of law are reviewed *de novo* under the right/wrong standard." State v. Adler, 108 Hawai'i 169, 174, 118 P.3d 652, 657 (2005). "The denial of a Rule 40 petition based on the [circuit] court's conclusions of law is reviewed *de novo*." Schwartz v. State, 136 Hawai'i 258, 262, 361 P.3d 1161, 1165 (2015) (citing Coulter v. State, 116 Hawai'i 181, 184, 172 P.3d 493, 496 (2007)).

The Circuit Court's decision regarding the legality of U's dual conviction for Reckless Endangering and Use of Firearm in Commission of Felony is outlined in COLs 3, 4, 5, and 6.[3] The

---

[3]    COL 3 provides:

> HRS 134-21(a)(2) (2006) prohibits the State from prosecuting a defendant with Carrying or Use of a Firearm in the Commission of a Separate Felony, when the separate felony is Reckless Endangering in the First Degree. In this case, Petitioner was never prosecuted with HRS 134-21, with Reckless Endangering in the First Degree as the Separate Felony, because Count 2 (Carrying or Use of a Firearm in the Commission of a Separate Felony) of the Indictment identified the separate felony as Attempted Murder in the First Degree; and Count 2 was not amended when Petitioner pled Guilty. Petitioner's Judgment of Conviction for Count 2 also does not indicate that the separate felony is Reckless Endangering in the First Degree.

COL 4 provides:

> This court rejects Petitioner's argument that as a matter of law, when Petitioner pled Guilty in Count 1 to Reckless Endangering in the First Degree, reduced from Attempted Murder in the First Degree, this had the effect of converting the separate felony in Count 2 from Attempted Murder in the First Degree to Reckless Endangering in the First Degree.

COL 5 provides:

> This court concludes that in contrast to the situation

Circuit Court accepted the State's position that U was not "prosecuted" for Reckless Endangering as the underlying separate felony for its Use of Firearm in Commission of Felony charge. The Circuit Court found that after U entered into the plea agreement, the underlying separate felony in Count 2 remained Attempted Murder, as originally charged by indictment, and was never amended nor converted to the reduced charge of Reckless Endangering.

We first address whether it was illegal for U to be convicted of and sentenced for both Reckless Endangering and Use of Firearm in Commission of Felony, where the convictions were a result of guilty pleas pursuant to a plea agreement. As U points out, HRS § 134-21 clearly provides that a person shall not be "prosecuted" for the offense of Use of Firearm in Commission of Felony where the separate felony is Reckless Endangering. The parties disagree as to whether U was "prosecuted" in this manner, in violation of the statute.

The State argues that U was never "prosecuted" for Use of Firearm in Commission of Felony with Reckless Endangering as the separate felony. The State contends that the original charge in Count 2 for Use of Firearm in Commission of Felony was based on Attempted Murder as the underlying felony. Because the plea agreement required U to plead guilty as charged for Count 2, the State contends that the underlying felony in Count 2 was never amended or converted.

---

in this case where Petitioner pled Guilty to Reckless Endangering in the First Degree, if a fact-finder had adjudged him Guilty of Reckless Endangering in the First Degree, as a lesser included offense of Attempted Murder in the First Degree, then that would have the effect of converting the separate felony in Count 2 to Reckless Endangering in the First Degree.

COL 6 provides:

This court declines to conclude that where a defendant is convicted, via Guilty plea, under HRS 134-21, that he or she cannot be also convicted of Reckless Endangering in the First Degree, in the same Judgment of Conviction.

4

In State v. Brantley, 99 Hawai'i 463, 56 P.3d 1252 (2002), the Hawai'i Supreme Court discussed the legislative intent behind the prohibition of prosecution under HRS § 134-6 (1993)[4] when the underlying felony was among those listed in the statute. The supreme court stated that "the legislature chose to exclude from such dual prosecution *and conviction* only a certain category of limited offenses where the separate felony itself required proof of firearm involvement or commonly involved the use of a firearm." Id. at 468, 56 P.3d at 1257 (footnote omitted) (emphasis added).

In this case, although U was not initially charged with Use of Firearm in Commission of Felony with Reckless Endangering as the underlying felony, the State ultimately obtained a conviction for the Reckless Endangering charge. The end result was that U was convicted of two offenses in which the involvement of a single firearm was counted--a result which the legislature specifically intended to prevent. See Sen. Stand. Comm. Rep. No. 1217, in 1993 Senate Journal, at 1210 ("[S]ection 134-6(a) was not intended to permit charging of a separate felony for use of a firearm where the underlying felony involves a firearm and is classified as a felony for that reason alone. Otherwise, the involvement of a single firearm would, in effect, be counted twice[.]"). The fact that the conviction was obtained via agreement rather than a fact-finder verdict does not affect the ultimate result.

At the hearing on the Petition, the Circuit Court emphasized the fact that U's convictions were based on a negotiated plea agreement rather than the decision of a jury. This position seems to have played a significant role in the

---

[4]     HRS § 134-6 is the predecessor to HRS § 134-21. HRS § 134-6 was originally enacted in 1990 and amended in 1993. The 1993 amendment added a list of offenses for which prosecution under the statute was prohibited if the separate felony was one of the designated offenses. HRS § 134-21 maintains the same list and substantially the same language.

Circuit Court's denial of U's Petition.[5]

Although we recognize the distinction between a conviction obtained via guilty plea and a conviction obtained via verdict, we conclude that the Circuit Court erred in relying on this distinction in denying U's Petition. A guilty plea is defined as a "formal admission in court of having committed the charged offense." *Guilty Plea*, Black's Law Dictionary (10th ed. 2014). Black's Law Dictionary also provides that a guilty plea "ordinarily has the same effect as a guilty verdict and conviction after a trial on the merits." Id.

It follows that if U's guilty plea was properly entered into and accepted by the Circuit Court, it functioned as a formal admission of having committed the offenses to which he pleaded guilty. In determining whether U's guilty plea was properly entered into, we first determine whether there was a factual basis for U's guilty pleas. Pursuant to Rule 11 of the HRPP,

> the court is prohibited from entering judgment upon a guilty plea if it is not subjectively satisfied that there is a factual basis for the plea. The court must satisfy itself that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty. While the factual basis may come from various sources, it must appear on the record.

State v. Teves, 4 Haw. App. 566, 569, 670 P.2d 834, 837 (1983) (citations and internal quotation marks omitted).

U's plea agreement form is silent as to the facts establishing his guilt for the offenses to which he pleaded guilty. Further, the record is devoid of the transcript from the

---

[5] At the hearing on the Petition, the Circuit Court reasoned as follows:

> So there was plea bargaining going on. Whether it was hard or not, there was negotiations, benefits, to both sides, and Mr. U got the benefit of the 20-year term as opposed to the life sentence without parole, so that was his agreement.
>
> So now you come back, you have the benefit of the deal, and you argue the deal I entered into was illegal. You know, I think the plea bargain puts this case in a different situation where you have a jury trial finding making decisions or a fact finder making decisions.

change of plea hearing held on August 18, 2009 and we are unable to review the colloquy held between U and the Circuit Court regarding the plea agreement. However, in FOF 9 of the FOF/COL/Order Denying Petition, which neither party contests, the Circuit Court found that at the change of plea hearing, U "explicitly acknowledged firing a handgun at the McDonald's restaurant, while he was a passenger in a car." It appears that the Circuit Court relied upon this fact as the basis for U's guilty pleas to the Reckless Endangering charge[6] and the Use of Firearm in Commission of Felony charge. It appears, therefore, that there was a proper factual basis for the Circuit Court to accept U's guilty pleas.

We now address the issue of whether U was improperly prosecuted for Use of Firearm in Commission of Felony. The State argues that the separate felony prosecuted in the Use of Firearm in Commission of Felony charge was, and continued to be, the Attempted Murder charge from the indictment. We disagree. A defendant cannot be found guilty for Use of Firearm in Commission of Felony without being found guilty of an underlying separate felony. See State v. Stangel, No. CAAP-13-0003941, 2015 WL 836928 at *9 (Haw. App. Feb. 26, 2015) (mem.) ("[T]he offense of Carrying or Use of a Firearm in the Commission of a Separate Felony (Use of Firearm), as its name implies, is complete upon the commission of the underlying felony." (footnote omitted)). The State contends that the underlying separate felony was, and continued to be, Attempted Murder. U, however, did not plead guilty to, and effectively admit to having committed, Attempted Murder. Because the Attempted Murder charge was reduced to Reckless Endangering, there was no underlying separate felony upon which the Use of Firearm in Commission of Felony charge could be based, due to HRS § 134-21. Thus, the conviction for Use of Firearm in Commission of Felony with Attempted Murder as the underlying separate felony cannot stand.

---

[6]     HRS § 707-713 requires either conduct involving "widely dangerous means" or the intentional firing of a firearm.

We conclude that U was prosecuted for both Reckless Endangering and Use of Firearm in Commission of Felony, in violation of the prohibition against dual convictions in HRS § 134-21. Accordingly, we conclude that the plea agreement was improper and the Circuit Court erred in denying U's Petition for post-conviction relief.

We now address the proper remedy for an improper plea agreement. On appeal, U contends that he is not seeking to withdraw his guilty plea and is only seeking to vacate his conviction in Count 2. This remedy is not available to him. U's proper recourse in this case is a withdrawal of his plea. We agree with the Circuit Court's conclusions in COLs 1[7] and 11,[8] which characterized U's petition to vacate his conviction as a move to withdraw his guilty plea to the allegedly illegal conviction. We disagree, however, with the Circuit Court's conclusion that U would not suffer a "manifest injustice" if his guilty plea was not withdrawn. See Barnett, 91 Hawai'i at 28, 979 P.2d at 1054. "Manifest injustice occurs when a defendant makes a plea involuntarily or without knowledge of the direct

---

[7]   COL 1 provides:

> When a defendant moves to withdraw his or her guilty plea after imposition of sentence, he or she has the burden of establishing that a "manifest injustice" will result if the plea is not withdrawn. A manifest injustice occurs if a defendant makes a plea involuntarily or without knowledge of the charge, the consequences of the plea or that the sentence actually imposed could be imposed. Barnett v. State, 91 Hawaii 20, 28[, 979 P.2d, 1046, 1054] (1999) (citation omitted); State v. Aeto, 105 Hawaii 257, 260[, 96 P.3d 586, 589] (App. 2004). Conversely, there is no manifest injustice when a trial court has made an affirmative showing through an on-the-record colloquy between the court and the defendant which shows that the defendant had a full understanding of what his or her plea connoted and its direct consequences. Barnett, 91 Hawaii at 28[, 979 P.2d at 1054].

[8]   COL 11 provides:

> Even assuming that Petitioner did not waive the issues sought to be raised in the subject Rule 40 Petition, Petitioner has not established a manifest injustice warranting vacation of any of his convictions.

consequences of the plea." Id. (citations omitted).

The State seems to argue that because U had entered into a plea agreement, he waived his right to assert any non-jurisdictional claims.[9] This argument fails because, inasmuch as U entered into a statutorily prohibited plea agreement, U did not enter into the agreement "voluntarily and knowingly." See, e.g., State v. Solomon, 107 Hawai'i 117, 127, 111 P.3d 12, 22 (2005); Foo v. State, 106 Hawai'i 102, 111, 102 P.3d 346, 355 (2004). We note that we are unable to review the colloquy between U and the Circuit Court at his change of plea hearing;[10] in particular, we are unable to determine U's understanding of the Use of Firearm in Commission of Felony charge. Regardless, a plea agreement that includes a prohibited charge renders the resulting plea neither knowing nor voluntary as U could not have intelligently bargained for it. Such a substantive defect could not be waived even through agreement by the parties. Cf State v. Guity, No. CAAP-12-0000287, 2016 WL 6427681, at *6-8 (Haw. App. Oct. 31, 2016) (mem.) (vacating a conviction for an offense to which defendant pleaded guilty and which was a crime that was legally impossible for defendant to commit), cert. granted, No. SCWC-12-

---

[9]     The State cites to Adams v. State, 103 Hawai'i 214, 223-26, 81 P.3d 394, 403-06 (2003), in which the Hawai'i Supreme Court held that the defendant, by pleading no contest to Sexual Assault in the Third Degree, implicitly waived any statute of limitations defenses, as the statute of limitations is not a jurisdictional issue and can be waived. See State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) ("Generally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims [on appeal], including constitutional challenges to the pretrial proceedings." (citations omitted)).

[10]    We also note that the record does contain minutes from the change of plea hearing. The minutes provide, in relevant part, as follows:

> COLLOQUY BETWEEN COURT AND COUNSEL RE: PLEA AGREEMENT.
> . . . .
> COURT QUESTIONED THE DEFENDANT AND FOUND THAT HE KNOWINGLY & VOLUNTARILY ENTERED A PLEA OF GUILTY WITH AN UNDERSTANDING OF THE NATURE OF THE CHARGES AND THE CONSEQUENCES OF HIS PLEA. COURT ACCEPTED HIS PLEA OF GUILTY.

Thus, at first glance, the record does indicate that the Circuit Court ensured that the plea was voluntarily and knowingly entered. The minutes do not, however, indicate that U understood the legality of his guilty plea to the offense of Carrying or Use of Firearm in Commission of Felony.

0000287, 2017 WL 836813 (Haw. Mar. 3, 2017). Because U did not enter into the agreement knowingly and voluntarily, the proper remedy is the withdrawal of U's guilty plea. See Foo, 106 Hawai'i at 111, 102 P.3d at 355. However, because the State did not breach the plea agreement, it retains the option of (1) forgoing prosecution on Count 2 and seeking to enforce the remainder of the plea agreement or (2) withdrawing from the plea agreement altogether and pursuing prosecution on all of the original charges. See Guity, 2016 WL 6427681, at *10.

The distinction between convictions via verdicts and convictions via guilty pleas is particularly applicable on this point. U seeks to vacate his conviction for just one count, which would be a permissible remedy in the case of a conviction via verdict. In this case, however, where the conviction was obtained via guilty plea, this would result in a breach of the plea agreement. U had bargained for a reduced charge in Count 1 by agreeing to plead guilty as charged to the other offenses. If this court were to vacate only U's conviction for Count 2, this would surmount to U being able to retain his benefit of the bargain while the State would not be able to retain its benefit.

In COL 12,[11] the Circuit Court concluded that where the convictions cannot coexist, "the proper remedy is to give the State the option of which conviction to dismiss." We disagree. If the State were to dismiss the Reckless Endangering conviction, there would still be no underlying separate felony for the Use of Firearm in Commission of Felony charge. The Use of Firearm in Commission of Felony charge cannot stand alone. Therefore,

---

[11]    COL 12 provides:

> This court concludes, as an alternative ruling, that if as a matter of law, Petitioner's convictions (via Guilty pleas) for both Carrying or Use of a Firearm in the Commission of a Separate Felony and Reckless Endangering in the First Degree cannot co-exist, the proper remedy is to give the State the option of which conviction to dismiss. State v. Vanstory, 91 Hawaii 33, 35-36[, 979 P.2d 1059, 1061-62] (1999), is applicable by analogy.

10

giving the State the option of which conviction to dismiss would be an inappropriate remedy.

In light of our ruling on the legality of U's conviction for both Reckless Endangering and Use of Firearm in Commission of Felony, we need not reach the issue of whether U's trial counsel provided ineffective assistance of counsel.

Based on the foregoing, we vacate the "Findings of Fact; Conclusions of Law; Order Denying Petitioner's Rule 40, HRPP, Petition" entered on November 10, 2014 in the Circuit Court of the Fifth Circuit and remand to the Circuit Court for further proceedings consistent with this order.

DATED:  Honolulu, Hawai'i, January 23, 2019.

On the briefs:

Keith S. Shigetomi,
for Petitioner-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kaua'i
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge